**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICKY TEJADA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-252 (JLH) |
| | ) |
| CORRECTIONAL OFFICER | ) |
| J. RENINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Ricky Tejada, James T. Vaughn Correctional Center, Smyrna, Delaware – Pro Se Plaintiff.

May 14, 2024
Wilmington, Delaware

HALL, U.S. DISTRICT JUDGE:

## I.    INTRODUCTION

Plaintiff Ricky Tejada, an inmate confined at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 1.)  Plaintiff proceeds *pro se* and has paid the filing fee.  (D.I. 10.)  Plaintiff has filed a motion for leave to amend the complaint (D.I. 25) and a motion to screen the proposed amended complaint (D.I. 26). The Court proceeds to review the complaint and the proposed amended complaint pursuant to 28 U.S.C. § 1915A(a) and Federal Rule of Civil Procedure 20.

## II.   BACKGROUND

In the proposed amended complaint (D.I. 25-1), Plaintiff names nine Defendants as well as "Quick Response Team Corrections Officer(s) John Doe(s)," and lists 14 causes of action, which the Court construes as claims for, *inter alia*, retaliation, excessive force, cruel and unusual punishment, deliberate indifference, denial of right of access to courts, denial of due process property rights, denial of rights under the Religious Land Use and Institutionalized Persons Act, and violation of First Amendment right to association.  (D.I. 25-1.)  Plaintiff requests injunctive relief and damages.

## III.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(d)(1) states, in pertinent part, that "[e]ach allegation [in a complaint] must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1).  Rule 20(1)(a)(2) states, in pertinent part, as follows:

(2) *Defendants*.  Persons may . . . be joined in one action as defendants if:

1

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A), (B).

Because Plaintiff is a prisoner proceeding *pro se*, he was required under the Prison Litigation Reform Act of 1995 ("PLRA") to pay the full filing fee in order to proceed. (D.I. 4.) As another judge in this Court has explained with respect to *pro se* prisoner actions, the PLRA

["]compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007); *see also George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."); *Smith v. Kirby*, 53 Fed. App'x 14, 16 (10th Cir. Dec. 9, 2002) (finding no abuse of discretion where district court denied leave to amend or supplement complaint as "new claims were not relevant to the claims before that court").

*Parkell v. Linsey*, No. 17-543-LPS, 2017 WL 3485817, at *4 (D. Del. Aug. 14, 2017) (dismissing *pro se* prisoner complaint, with leave to amend, due to noncompliance with Rule 20).

## IV.   **DISCUSSION**

The proposed amended complaint, like the original complaint, contains unrelated claims against unrelated defendants in violation of Rule 20(a). Many of the claims do not arise out of the same transaction or occurrence or series of transactions or occurrences. In addition, there is no question of law or fact common to all defendants.

2

Accordingly, the complaint will be dismissed without prejudice as noncompliant with Rule 20(a). *See Parkell*, 2017 WL 3485817, at *3-4 (no logical relationship as to claims relating to an illegal strip search, interference with legal mail, First Amendment religious discrimination, and Eighth Amendment medical needs); *Fatir v. Markell*, No. 16-315, 2016 WL 5946870, at *5 (D. Del. Oct. 12, 2016) (similar); *Crichlow v. Doe*, No. 12-303, 2012 WL 1673004, at *2 (D. Del. May 11, 2012) (similar); *Drumgo v. Burris*, 12-68, 2012 WL 1657196, at *2 (D. Del. May 9, 2012) (similar).

Plaintiff will be given an opportunity to file an amended complaint. He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. Thus, to the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed *in forma pauperis* or filing fees. Should Plaintiff choose to file an amended complaint, he is cautioned that it "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).

Plaintiff is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with this Court's order and will result in dismissal. *See* Fed. R. Civ. P. 20. In addition, the amended complaint shall not include new claims. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of the court.

3

## V.    CONCLUSION

For the above reasons, the Court will dismiss the complaint and proposed amended complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 20. Plaintiff will be given leave to amend. Plaintiff's pending motions will be denied.

An appropriate order will be entered.